**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39267**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 584 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHANE LEE DOBBS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Shane Lee Dobbs appeals from his conviction for driving under the influence. He asserts that the prosecutor misstated the evidence during his rebuttal closing argument and that his conviction must be reversed. We affirm.

**I.**

**BACKGROUND**

The police were called to Dobbs's residence on the report of a domestic disturbance. No one was home, but the police observed blood and broken glass in the residence. A short time later, Dobbs's vehicle was located and stopped. The police smelled alcohol on Dobbs's person and administered field sobriety tests, which he failed. Dobbs was arrested for driving under the influence. At the jail, Dobbs performed two breathalyzer tests returning results of .083 and .086, both in excess of statutory limits.

1

Dobbs was charged with felony driving under the influence, Idaho Code §§ 18-8004, 18-8005, and a persistent violator sentence enhancement was requested. The matter proceeded to a jury trial at which Dobbs was found guilty. Dobbs appeals from the resulting judgment of conviction.

## II.

## ANALYSIS

At trial, Dobbs attempted to raise reasonable doubt as to whether his alcohol concentration was over the .08 legal limit at the time he was driving, as opposed to when he performed the breathalyzer tests about fifty minutes later. An officer testified that during the stop, which occurred at 9:35 p.m., Dobbs said that he had not had anything to eat since that morning. According to the officer, Dobbs also said that he had consumed two 24-ounce cans of beer about two hours earlier. At trial, Dobbs testified that he had lied to the officer about his alcohol consumption and that he instead had consumed "a couple of shots of whiskey" at a friend's house at some time before the stop. A state forensic scientist was called by the prosecution and provided general testimony about alcohol absorption and elimination rates and individual factors that affect them.

At closing argument, defense counsel told the jury, among other things, that in order for it to determine whether Dobbs was driving with an alcohol concentration of .08 or higher, "you have to guess." Dobbs's sole issue on appeal involves the prosecutor's rebuttal closing argument, where the prosecutor said:

> The Defense is asking you to speculate on a lot of information. You are to use your reason and common sense to evaluate the evidence that is before you. You know that he had an empty stomach. You know that he either stopped drinking two hours before, or that he chugged a bunch of alcohol and then got in the car, if you choose to believe that. You know that all of--either one of those, all that alcohol was absorbed by that point. His blood alcohol was dropping. You know that.

Defense counsel objected, "There's no foundation for that statement," but the district court overruled the objection.

Dobbs claims error, contending that by saying that "[y]ou know that . . . all that alcohol was absorbed by that point" and that "his blood alcohol was dropping" the prosecutor mischaracterized the evidence. He contends this is shown by comparing the prosecutor's

2

statements to the testimony of the scientist who said that the "only virtual certainty" was that the alcohol concentration at the time of the stop was different than it was at the time of the tests.

It is plainly improper for a prosecutor to mischaracterize the evidence presented at trial. *State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Contreras-Gonzales*, 146 Idaho 41, 48, 190 P.3d 197, 204 (Ct. App. 2008). It is perfectly permissible, however, for a prosecutor to argue to the jury the conclusions that, from the prosecutor's perspective, have been shown or should be inferred from the evidence. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007).

We find no prosecutorial misconduct. The scientist's testimony does not indicate that he had knowledge of other witnesses' testimony concerning when Dobbs consumed alcohol or how much, when the stop occurred in relation to Dobbs's alcohol consumption, or how much time elapsed between the stop and the tests. Instead, and contrary to Dobbs's implication, the expert was asked to provide general testimony about alcohol absorption and elimination rates and individual factors that affect them, not to render an opinion on Dobbs's alcohol concentration based upon the evidence in this case.

It is apparent that the prosecutor was arguing that the jury should conclude from the evidence as a whole, and the inferences to be drawn therefrom, that Dobbs's blood alcohol concentration was dropping before he was stopped. The fact that the prosecutor began her sentences with "you know" rather than with "the evidence shows" does not change this conclusion. The trial evidence supports the prosecutor's argument. The scientist testified that if alcohol is consumed on an empty stomach, on average it is fully absorbed into the body twenty minutes after the consumption stops. The rate of absorption, he said, varies among individuals, but on an empty stomach it will be fully absorbed not later than thirty minutes after the drinking stops. When the alcohol is fully absorbed, he said, there is a brief "peak" period of blood alcohol concentration followed by diminishing alcohol concentration as alcohol is metabolized and otherwise eliminated from the body. Dobbs's friend testified that Dobbs came to his house around 7:00 or 8:00 p.m. and stayed an hour. Dobbs testified that he stayed less than one hour and, unbeknownst to his friend, he had two shots of whiskey at the house. An officer testified that the stop occurred at 9:35 p.m. and that Dobbs stated that he had not eaten since breakfast. Even giving Dobbs the benefit of the doubt (which the prosecutor is not obligated to do) on the

3

evidence that he did not leave his friend's house until 9:00 p.m. and that he had consumed alcohol within the preceding hour (rather than two hours before as he told the police), it had been at least thirty-five minutes between his last drink and the stop. Thus, a reasonable view of the evidence supports the proposition that the alcohol Dobbs had consumed was fully absorbed by the time of the stop, and thereafter that his alcohol concentration was dropping. Given the evidence as a whole, including the scientist's testimony regarding the rate of absorption and elimination of alcohol, the alcohol Dobbs consumed would have been fully absorbed at least by 9:30 p.m., five minutes before the stop. The prosecutor's argument did not misrepresent the evidence presented at trial.

The district court did not err in overruling the objection because the prosecutor's argument was not objectionable. The judgment of conviction is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**